**FILED**

October 30, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ Tyler Martin _____

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ELLERY CARTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | SA-23-CV-01345-OLG |
| v. | § | |
| | § | |
| BEXAR COUNTY SHERIFF JAVIER | § | |
| SALAZAR, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Petitioner Ellery Carter's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Dkt. No. 1). The Court granted Carter leave to proceed *in forma pauperis*. Upon review, Carter's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE.** (*Id.*).

**BACKGROUND**

Bexar County court records show Carter has been indicted for possession of a controlled substance. *See* Search Results (bexar.org) (last visited Oct. 26, 2023). Carter's criminal proceedings are ongoing; he has been found incompetent and transferred from the Bexar County Adult Detention Center to the San Antonio State Hospital ("SASH"). *See id.* While confined, Carter filed this § 2241 Petition. (Dkt. No. 1).

**ANALYSIS**

Carter contests his continued detention. (Dkt. No. 1). As grounds for his Petition, Carter alleges unlawful confinement, denial of his right to a speedy trial, and violations of his rights under the Fourth Amendment. (*Id.*). As relief, he seeks release from custody. (*Id.*).

***Applicable Law***

When a state prisoner challenges the fact or duration of his physical imprisonment and by way of relief seeks a determination that he is entitled to immediate release or a speedier release,

his federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To warrant habeas relief under § 2241, a state petitioner must be in custody *and must have exhausted all available state remedies*. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–91 (1973). Although exhaustion of state remedies is statutorily mandated only for post–trial habeas claims under 28 U.S.C. § 2254(b), well–established Fifth Circuit precedent holds federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre–trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

### *Application*

Carter seeks release from custody. (Dkt. No. 1). The Court finds he is not entitled to such relief at this time. As set out above, Bexar County records show Carter's state–court criminal proceeding is ongoing; he has been found incompetent and is currently detained in the state hospital. *See* Search Results (bexar.org). Although Carter has filed numerous *pro se* writs, motions to dismiss, and requests for release in the state trial court, there is nothing either in the Bexar County records or Carter's Petition to indicate whether his writs or motions have been ruled on.[1] Searches of the websites for the Fourth Court of Appeals and the Texas Court of Criminal Appeals show no relevant filings by Carter. Thus, the Court finds Carter has not shown he has exhausted his available state–court remedies as required prior to seeking relief by way of a § 2241 habeas

---

[1] Under Texas law, a trial court is not required to rule upon a defendant's *pro se* filings when he is represented by appointed counsel. *See, e.g., Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Carter has appointed counsel in his state–court criminal proceedings. *See* Search Results (bexar.org).

petition. *See Braden*, 410 U.S. at 489–91. Moreover, Carter has not shown that trial or existing state procedures—including pretrial habeas review, direct appeal, and post–trial state habeas review—are insufficient to protect his constitutional rights. Accordingly, his habeas corpus claims are unexhausted and may not go forward here. *See id.*

Additionally, to the extent Carter seeks his immediate release from detainment, his claims are subject to application of the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Id.* at 45. Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when the following conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [defendant/petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). The Court finds that all prerequisites for abstention under *Younger* are met in the instant case.

### Conclusion

Because Carter has not exhausted his state–court remedies and all prerequisites for abstention under *Younger* are met, the Court finds his § 2241 Petition is subject to dismissal without prejudice.

**IT IS THEREFORE ORDERED** that Carter's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

It is **SO ORDERED**.

**SIGNED** this _____ day of October, 2023.

ORLANDO L. GARCIA
United States District Judge

4